UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| TERRY LANE WILCHER, SR., <br><br> Plaintiff, <br><br> V. <br><br> SHAWN HINES, et al., <br><br> Defendants. | CIVIL ACTION NO. 5:25-CV-032-KKC <br><br> **OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Terry Lane Wilcher, Sr., filed a *pro se* civil rights complaint against Lincoln County Sheriff Shawn Hines and Lincoln County Sheriff's Deputy Tyler Whitworth.[1] [R. 1]. The defendants have filed a motion to dismiss Wilcher's claims with the exception of his Fourth Amendment excessive-force claim against Whitworth. [R. 10]. Wilcher was directed to respond to the defendants' motion within 30 days of its filing. [R. 11]. Wilcher subsequently filed a submission in the record, but he did not respond to the defendants' arguments in favor of dismissal. [R. 12]. The defendants filed a reply in further support of their motion to dismiss [R. 13], and this matter is now ripe for decision.

Wilcher alleges the following: He called 911 on February 9, 2024, and Defendant Whitworth responded to his residence. Whitworth tackled him, pulled his pants down, and "paraded him around in public." These events contributed to a back injury and caused Wilcher to lose income. Wilcher alleges that Whitworth used excessive force against him in violation of the

---

[1] Wilcher originally included Lincoln County, Kentucky as a defendant but the claims against it were dismissed upon initial screening under 28 U.S.C. §§ 1915(e) and 1915A. [*See* R. 6].

Fourth Amendment, was negligent, and disregarded the Sheriff's Department policies and training.  He also alleges that Defendant Hines failed to adequately train Whitworth regarding the use of force.

The defendants move to dismiss all of Wilcher's claims save his excessive-force claim against Whitworth.  When evaluating a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  The Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Additionally, documents filed by *pro se* litigants are liberally construed and are held to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wilcher's failure-to-train claim against Defendant Hines will be dismissed.  Liability under 42 U.S.C. § 1983 must be based on more than the right to control employees.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  In other words, the defendant-supervisor must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officer."  *Id.*  Wilcher has not alleged any facts suggesting that Hines inadequately trained Whitworth or implicitly authorized, approved, or acquiesced in Whitworth's alleged used of excessive force.  Hines cannot be held liable for Whitworth's alleged conduct simply because

Hines was the Sheriff. *See Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Wilcher's negligence claim against Whitworth also will be dismissed. Viewing the complaint in the light most favorable to Wilcher, he does not allege sufficient facts to support such a claim. While Wilcher alleges that Whitworth was "negligent by definition," he does not identify any particular provision of the Sheriff's Department policies and training that Whitworth allegedly violated. Moreover, the factual allegations of Wilcher's complaint are focused on Whitworth's alleged *intentional* conduct, which is at odds with Wilcher's cursory reference to negligence. *See e.g., David v. Franklin Cnty., Ky.*, No. 3:23-cv-028-GFVT, 2024 WL 495245, at *2 (E.D. Ky. Feb. 8, 2024) (dismissing the plaintiff's negligence claim when he also alleged intentional torts and the complaint did not explain how the defendant was negligent); *Ali v. City of Louisville*, No. 3:05CV-427-R, 2006 WL 2663018, at *8 (W.D. Ky. Sept. 15, 2006) (observing that an officer is "liable for the intentional tort of battery, not for negligence, when he deliberately exceeds the privileged amount of force by committing an unwarranted violence on the arrestee").

Based on the foregoing, the Court **ORDERS** as follows:

1) Defendants' partial motion to dismiss [**R. 10**] is **GRANTED**.

2) Plaintiff's claim against Defendant Shawn Hines is **DISMISSED** and Hines is **TERMINATED** as a party to this action.

3) Plaintiff's negligence claim against Defendant Tyler Whitworth is **DISMISSED**. The only claim remaining in this action is Plaintiff's Fourth Amendment excessive-force claim against Defendant Whitworth under 42 U.S.C. § 1983.

4) Defendant Whitworth must file an answer **within 14 days** of the entry of this Order.

4

This 19th day of May, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

4